UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOSHUA POE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  4:25-cv-04077 |
| | ) |
| HAYNES, et al., | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, alleges Defendants violated his First and Eighth Amendment rights through retaliation for exercising protected speech and for deliberate indifference to his safety during his incarceration at Hill Correctional Center.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff sues Correctional Officers Haynes, Carpenter, Miller, Ledbetter, Doe, and Perry.

Plaintiff alleges that he had a low bunk permit that was necessary due to a serious knee injury. Perry, the placement officer, placed Plaintiff in the same cell with an inmate who was already established in that cell, who also had a low bunk permit. Plaintiff told each Defendant that he had a low bunk permit and needed to be moved. Each Defendant ignored Plaintiff's requests. Plaintiff filed grievances based on his requests being ignored, and Defendants then refused again to help him, citing his grievances against them. Plaintiff further seriously injured his ankle and knee because he was forced to climb to the high bunk by Defendants.

"The Eighth Amendment demands that officials ensure 'reasonable safety.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746

(7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Prisoners enjoy the right to be free from unnecessary infliction of pain caused by hazardous prison conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prison condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is great and the prison condition is avoidable the Seventh Circuit has held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016).

"The Eighth Amendment 'forbids knowingly compelling an inmate to perform [a task] that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful.'" *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011) (quoting *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007)). Forcing an inmate to climb to the top bunk where the plaintiff is physically incapable of doing so without injuring himself violates this standard. *Withers v. Wexford Health Sources, Inc.,* 710 F.3d 688, 689 (7th Cir. 2013).

Plaintiff has alleged that Defendants Haynes, Carpenter, Miller, Ledbetter, Doe, and Perry knowingly failed to provide Plaintiff with a necessary low bunk pursuant to his valid permit, resulting in

Plaintiff sustaining serious injuries. These allegations state a claim under the Eighth Amendment. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Plaintiff also states a First Amendment retaliation claim against Defendants in that he has alleged each refused to provide him with necessary assistance because he filed grievances against them. *Perez v. Fenoglio,* 792 F.3d 768, 783 (7th Cir. 2015).

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motions for Status [7], [10], [11], [12] are MOOT.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states First and Eighth Amendment claims against Defendants Haynes, Carpenter, Miller, Ledbetter, Doe, and Perry. Additionally, Tyrone Baker the Warden at Hill is added as a Defendant solely to respond to discovery to identify the Doe Defendant. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence**

to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 28th day of October, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE